PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA LOBOY, | ) | |
| | ) | CASE NO. 4:19CV83 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ARAMARK UNIFORM & CAREER | ) | |
| APPAREL, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendants. | | [Resolving ECF No. 4] |

Pending before the Court is Plaintiff Virginia Loboy's Motion to Remand for Defect Other Than Subject Matter Jurisdiction. ECF No. 4. Defendant Aramark Uniform & Career Apparel, LLC responded. ECF No. 5. Plaintiff has not filed a reply, and her time to do so has passed.

Plaintiff contends the case should be remanded because, at the time of removal, Defendant's counsel of record Stephen M. Houghton was not admitted to practice in the Northern District of Ohio. ECF No. 4 at PageID #: 33. She argues that, because Houghton was not admitted to practice in the district, he could not commence, conduct, or defend any action within the district. *See* L.R. 83.5.

Procedural defects do not preclude a federal court from exercising federal jurisdiction. *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, at \*5 (6th Cir. Mar. 22, 1994) (table). Specifically, "the signing of the Notice of Removal by licensed attorneys who were not members

(4:19CV83)

of the bar" of a court is a curable defect. *Greenwood v. Delphi Auto. Sys., Inc.*, 197 F.R.D. 597, 600 (S.D. Ohio 2000).

At the time of filing of the Notice of Removal, Houghton's co-counsel, Derek Brondou, was admitted to practice in the Northern District of Ohio, and was listed as co-counsel on the signature block of the Notice of Removal. ECF No. 1 at PageID #: 4. Houghton was admitted in the State of Ohio but not in the Northern District of Ohio. ECF No. 5 at PageID #: 40. Houghton has since gained admission to practice law in the Northern District of Ohio. On January 24, 2019, Houghton filed a Notice of Appearance on behalf of Defendant. ECF No. 7.

Defendant's procedural defect in filing its Notice of Remand does not necessitate remand. Defendant has since cured the defect. Nor has Plaintiff claimed prejudice as a result of the defect. Accordingly, Plaintiff's Motion to Remand is denied. ECF No. 4.

    IT IS SO ORDERED.

|    March 6, 2019    |    */s/ Benita Y. Pearson*    |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |